# IN RE DISBARMENT OF IVER C. NELSON.[1]

August 10, 1934.

No. 29,849.

*Oscar G. Haugland* and *D. E. LaBelle,* for state board of law ex- aminers.

*Homer Morris,* for respondent.

*PER CURIAM.*

Since June, 1901, respondent has practiced as an attorney at law in Minneapolis, this state. Within the last two or three years he has so conducted his business that the state board of law examiners filed a petition in this court accusing him of wilful misconduct in his profession. The Honorable Richard A. Walsh, a judge of the second judicial district, appointed referee to hear the evidence and make findings upon the charges presented against respondent, has filed his findings, and, arguments thereon having been heard and considered, this court approves and adopts the findings of the referee.

It is not deemed useful to set out the findings in detail. A short summary of the three matters as to which respondent has been culpable must suffice. He was retained by Helen M. Berry to bring an action for damages for the loss of a coat and obtained a judgment for $59.35. He collected the same. He was to have one-third

[1]Reported in 256 N. W. 186.

thereof as his fees. He has failed to pay to his client any part of the amount collected, though she personally and by another attorney has made repeated demands upon him.

Respondent was also employed by one J. C. Holmes to collect instalments on the conditional sales contract of a pool hall. He also gave advice and drafted certain documents in various transactions relating to the pool hall. Some of the money collected he paid over, but a balance of $310.80 remains, after deducting for his services.

The third accusation relates to a transaction with Jeanette Norby, who intrusted $1,000 to respondent to be loaned on a first mortgage on real estate, payable in monthly instalments of $25. Respondent obtained such mortgage from one Ruud upon a lot in Minneapolis and represented to Norby that it was a first mortgage. It appears that respondent was the real owner of the lot, that Ruud did not have a good record title when the mortgage was executed, and that respondent had not completed a record title in Ruud when the referee made the findings. The six monthly instalments that have been paid on this mortgage were paid by respondent. Not only has respondent made this loan for Norby in an indefensibly negligent and unbusinesslike manner, but, apparently, he has been guilty of grave professional misconduct in giving her to understand that the mortgage was given by Ruud when in fact respondent was himself the beneficiary of the loan.

There has been no adjustment in these matters with the persons wronged. It is accordingly ordered that judgment be entered revoking respondent's license to practice law in the courts of this state and striking his name from the roll of attorneys.